IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JEANINIE BUNZIGIYE, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:26-CV-1238-G-BW |
| | § | |
| LOANCARE, LLC | § | |
| Defendant. | § | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

There is no dispute that this action should not proceed in this Court. The parties dispute whether it should be remanded to state court or instead be transferred to the district to which it could have been properly removed. For the reasons that follow, the undersigned magistrate judge recommends that the District Judge remand this action to state court.

**I.  BACKGROUND**

Plaintiff Jeanine Bunzigiye filed this action against Defendant LoanCare, LLC in the 431st Judicial District Court of Denton County, Texas on April 2, 2026. (*See* Dkt. No. 1 at ECF pp. 5-6.) On April 17, LoanCare removed the action to this Court under 28 U.S.C. § 1446(a). (Dkt. No. 1 at 1.) In doing so, LoanCare alleged that this Court has both federal question jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332(a). (*Id.*) Bunzigiye subsequently filed

---

[1] This action has been referred to the undersigned magistrate judge for case management pursuant to 28 U.S.C. § 636(b). (*See* Dkt. No. 5.)

an amended complaint in this Court, purporting to rescind any claims based on federal law. (*See* Dkt. No. 2.)

LoanCare's removal to this Court was in error. A party that wishes to remove an action from state court must file a notice of removal "in the district court of the United States for the district and division within which such action is pending[.]" 28 U.S.C. § 1446(a). Because Denton County is in the Sherman Division of the Eastern District of Texas, *see* 28 U.S.C. § 124(c)(3), LoanCare should have filed its notice of removal in that district. Its removal to this district instead is a procedural defect that, although not depriving this Court of jurisdiction, subjects the action to remand. *See James v. Bravo Residential Funding Tr. 2023-NQM1*, 808 F. Supp. 3d 723, 724 (N.D. Tex. 2025) (citing *Hinkley v. Envoy Air, Inc.*, 968 F.3d 544, 549 (5th Cir. 2020)).

The undersigned entered an order on April 21 alerting the parties to the procedurally defective removal and the action's susceptibility to remand upon a timely motion. (Dkt. No. 7 at 1-2.) The order noted that if Bunzigiye failed to make a timely motion to remand, the action would be transferred to the Sherman Division of the Eastern District of Texas. (*Id.* at 2.)

Bunzigiye filed a motion to remand later that same day. (Dkt. No. 8.) On April 23, LoanCare filed its response in opposition to remand that contained within it a motion to transfer the action to the Eastern District of Texas. (Dkt. Nos. 10, 11.) On May 5, Bunzigiye filed a combined reply in support of the motion to remand and response in opposition to transfer. (Dkt. No. 13.) On May 7, LoanCare completed

briefing on these motions by filing a reply in support of its motion to transfer.  (Dkt. No. 14.)  The motions are ripe for decision.

## II.  LEGAL STANDARDS AND ANALYSIS

As stated above, a defendant that wishes to remove an action to federal court must file the notice of removal in the district "within which such action is pending[.]"  28 U.S.C. § 1446(a).  Additionally, § 1441(a) provides in relevant part that an action brought in state court for which a federal district court has jurisdiction may be removed "to the district court of the United States for the district court of the United States for the district and division embracing the place where such action is pending."  Because LoanCare filed its notice of removal in this district rather than the Eastern District of Texas, the removal was improper.  *See Hinkley v. Envoy Air, Inc.*, 968 F.3d 544, 549 (5th Cir. 2020).  Even so, the Fifth Circuit has made clear that improper removal to an incorrect district is a procedural defect that does not deprive this Court of jurisdiction.  *See id.* at 550–51.

Unless it is based on a lack of subject matter jurisdiction, a motion to remand must be made within 30 days after the notice of removal is filed.  *See* 28 U.S.C. § 1447(c).  "Statutes that authorize removal are meant to be strictly construed, and any doubt as to the propriety of removal should be resolved in favor of remand." *Williams v. Logan*, No. 3:22-CV-2877-E-BN, 2023 WL 12043759, at *1 (N.D. Tex. Mar. 22, 2023).

Bunzigiye argues that this action should be remanded because she has amended her complaint to remove any cause of action under federal law and, secondarily, due to LoanCare's procedurally defective removal. (*See* Dkt. No. 8.) LoanCare acknowledges the defective removal but contends that, even if Plaintiff's amendment is relevant to the analysis, it is immaterial because the action is properly in federal court on diversity jurisdiction. (*See* Dkt. No. 10 at 2-3.) In its view, because subject matter jurisdiction exists, the case is not subject to remand and should be transferred to the proper district instead. (*See id.* at 2-5.) The undersigned agrees that the allegations support jurisdiction based at least on diversity under § 1332(a).

LoanCare points the Court to *Bradshaw v. Allen Police Dep't*, No. 3:22-CV-2878-X-BN, 2023 WL 12119951 (N.D. Tex. Jan. 9, 2023), as instructive in this case. There, a justice of the peace court in Collin County—which is also in the Eastern District—purported to "transfer" an action brought under 42 U.S.C. § 1983 to this court. *Id.* at *1. Treating the transfer an improper removal and satisfied that subject matter jurisdiction existed, the court transferred the action to the Eastern District of Texas. *Id.* at *2-3. LoanCare asks the Court to do likewise here. This case, however, presents an important distinction from *Bradshaw*. In that case, the court had no vehicle by which it could remand the case. It noted that the court "lack[ed] a basis to *sua sponte* remand th[e] lawsuit, as a federal district court may not remand an action to state court *sua sponte* 'for purely procedural defects.'" *Id.* at *2 (quoting *In re*

*Allstate Ins. Co.*, 8 F.3d 219, 223 (5th Cir. 1993)). So, transfer was the only option available to remedy the procedurally defective removal in *Bradshaw*.

That is not the case here, as Plaintiff filed a timely motion to remand. Based on this important distinction, the undersigned finds *Bonton v. Miller*, No. CV 23-92-BAJ-EWD, 2023 WL 5158947 (M.D. La. July 19, 2023), *accepted*, 2023 WL 5155766 (M.D. La. Aug. 10, 2023), more instructive. There, a plaintiff timely filed a motion to remand after the case was improperly removed to the wrong federal district. *Id.* at *2. And, like here, the defendant filed a competing motion to transfer. *Id.* After surveying relevant Fifth Circuit authority, the court gave weight to *Hinkley*'s guidance "strongly indicat[ing] that remand is warranted if timely sought" based on the improper removal to an incorrect district. *Id.* at *6. Additionally, the court noted the discretionary nature of transfer under 28 U.S.C. § 1406 compared to *Hinkley*'s suggestion that a procedural defect mandated remand upon a timely motion. *Id.* at *7 ("There is nothing in the removal statute that suggests that a district court has 'discretion' to overlook or excuse prescribed procedures." (quoting *Hobson v. Chase Home Fin., LLC*, No. 08-288, 2009 WL 2849591, at *3 (S.D. Miss. Sept. 1, 2009))). Based on this assessment of caselaw, the court denied the motion to transfer and granted the motion to remand the case to state court. *See id.* at *8.

For the same reasons that animated the court in *Bonton*, this action should be remanded to the 431st Judicial District Court of Denton County, Texas.

## III.  RECOMMENDATION

The undersigned recommends that Plaintiff's motion to remand (Dkt. No. 8)

be **GRANTED** and Defendant's motion to transfer (Dkt. No. 11) be **DENIED**.

**SO RECOMMENDED** on May 8, 2026.


_____
BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE


### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).